### FORT v. SOUTHERN RY.

DAMAGES—EXAMPLARY—NONSUIT—RAILROADS.—Evidence that plaintiff bought a ticket and boarded a mixed train, was carried near his destination, left there, engine taken back, and before it returned, walked some distance to reach his destination, there being no proof of wilfulness, wantonness or rudeness, will not support an action for examplary damages.

Before BUCHANAN, J., Lexington, February, 1902. Affirmed.

Action by James C. Fort against Southern Railway. From judgment of nonsuit, plaintiff appeals.

*Messrs. G. T. Graham* and *P. H. Nelson,* for appellant, cite: 14 S. E. R., 943; 31 S. E. R., 224; 35 S. E. R., 512; 29 S. E. R., 905; 40 S. E. R., 669.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra. The latter cites: 16 Ency., 392-5; 54 S. C., 505; 7 Ency., 2 ed., 443; 61 S. C., 188; 62 S. C., 331; Hutch. on Car., sec. 603; 61 S. C., 1, 170; 62 S. C., 1; 32 L. R. A., 543.

July 18, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal herein is from an order of nonsuit. The plaintiff, having purchased of defendant a ticket as passenger on the morning of ʻJune 28th, 1901, boarded defendant's train at Pelion for Columbia. The train was a freight train, with a combination passenger, baggage and express car attached. When the train reached Cayce, a station about two miles from Columbia, the conductor received orders from the company to take the engine back to Perry's on some emergency, the nature of which was not disclosed in plaintiff's evidence. Upon receiving this order, the conductor sidetracked his train at Cayce, and told plaintiff and another passenger that they would have to get off and take another train to Columbia, as he had to go

back.   Plaintiff being informed that the other train would not go to Columbia until about 5 o'clock that afternoon, requested to be taken back to Pelion, which the conductor declined to do, as he was only taking back the engine.   Plaintiff applied to the station agent or operator at Cayce, but he did not make any effort to procure a conveyance for plaintiff to Columbia, and plaintiff failed in his effort to hire a conveyance.   Thereupon plaintiff with the other passenger walked from Cayce to the bridge at Brookland, about one and a half miles, riding, however, about half mile of that distance in a wagon going that way, and after crossing Brookland bridge took the Columbia street car.   The weather was warm and the plaintiff unused to walking much, was made tired by his walk of about a mile, and was worried and annoyed by the failure of defendant to transport him to Columbia.   The said train reached Columbia later in the day, and plaintiff returned home on defendant's train that afternoon.   There was some evidence tending to show that when the engine was ordered back to Perry's from Cayce, the railroad authorities were informed that there were two passengers on board for Columbia.   There was no evidence whatever of any rudeness or insult to plaintiff by defendant's agents.   Upon this evidence nonsuit was granted on the ground that the action was for wilful tort, and that there was no evidence to show any wantonness or wilfulness in the conduct of defendant.   The exceptions relate solely to the question whether there was any evidence tending to show a wilful tort.

We think the nonsuit was proper.   One who boards as passenger a mixed freight and passenger train, takes passage subject to the delays incident to that mode of conveyance. For any unreasonable delay considering that mode of conveyance, the passenger has redress for the actual damages occasioned thereby; and if the conduct of the defendant company is such as to show a wanton or wilful disregard of duty to such passenger, examplary damages may be awarded.   In this case the only question being as to exam-

plary damages, and there being no evidence tending to show any wanton or wilful disregard of defendant's duty to plaintiff, the nonsuit was proper.

The judgment of the Circuit Court is affirmed.