AARON v. SOUTHERN RY.

1. PLEADINGS—NEGLIGENCE.—The words *"wrongfully"* and *"unlawfully"* assign no specific legal character to acts.

2. IBID—IBID.—PUNITIVE DAMAGES.—When acts are alleged to have been done *only* wantonly and wilfully, only punitive damages can be recovered, and proof that on account of a wreck an engine was taken from a train of cars and used to carry a Pullman car to another point, delaying such cars for hours, does not support such allegation.

3. MENTAL SUFFERING—PUNITIVE DAMAGES.—There can be no recovery for punitive damages for mental suffering where allegations of wantoness and wilfulness are not sustained.

4. EVIDENCE—PAROL—RAILROADS.—It is proper to exclude parol evidence of contents of an order received by a conductor without notice to produce it.

Before HON. J. E. McDONALD, special Judge, Barnwell, May, 1903. Affirmed.

Action by J. R. Aaron against Southern Railway. Plaintiff appeals from order of nonsuit.

*Messrs. Davis & Best* and *Jno. S. Reynolds,* for appellant, cite: *Not an action for punitive damages alone:* 56 S. C., 35; Code, 180, 190. *As to rights of passenger and as to expeditious passage:* 60 S. C., 58; 53 S. C., 213; 64 S. C., 424; 13 Am. R., 100; 31 N. Y., 661; 17 N. Y., 369; 47 Mich., 281; 32 L. R. A., 543. *Evidence shows plaintiff entitled to punitive damages for wilful tort:* Woods Mayne on Dam., 59; 34 S. C., 324; 35 S. C., 475, 493; 62 S. C., 325. *Also entitled for mental suffering and humiliation:* 52 S. C., 323; 15 S. W., 48; 60 N. E., 174; 59 Miss., 463.

*Mr. Joseph W. Barnwell,* contra, cites: *Wrongfully and unlawfully are merely epithets:* 28 S. C., 388. *Discomfort not ground for recovery of compensatory damages:* 32 S. C. 592. *Only punitive damages can be recovered for mental suffering:* 57 S. C., 325; 60 S. C., 237. *No evidence of punitive damages and no recovery:* 64 S. C., 423.

January 18, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order of nonsuit. The complaint alleged in substance, that plaintiff, on January 17th, 1903, purchased a ticket over the defendant's road from Augusta, Ga., to Barnwell, S. C., and took a train leaving Augusta at six o'clock P. M., relying on

the assurance of the defendant's agent that it would arrive in Barnwell at about nine o'clock on the same day; that the train on reaching Blackville, only ten miles from Barnwell, was held there six or seven hours, so that plaintiff, who was anxious to get to his home in Barnwell on account of sickness in his family, did not reach his destination until three or four o'clock the next morning. It is charged that the defendant, at Blackville, "wilfully, wantonly, wrongfully and unlawfully" required plaintiff to alight from the train, and "wilfully, wantonly, wrongfully and unlawfully" refused to convey him to Barnwell, according to its advertised schedule and the representations of its agents to the plaintiff.

The plaintiff thus states his damages: "That on account of the foregoing facts the plaintiff was compelled to stay at Blackville, S. C., until the early part of the next morning, caused to suffer great mental anguish and anxiety in being kept away from his family, who were home sick, and in the manner in which he was treated as aforesaid, he has been damaged in the sum of nineteen hundred and fifty dollars." The defense was a general denial and that the delay was due to an "unexpected accident to one of the trains of defendant," which reasonable care could not have provided against.

The indefinite words, "wrongfully and unlawfully," do not assign specific legal character to the acts of the defendants, and must be disregarded. *Tutt* v. *Ry. Co.,* 28 S. C., 388, 5 S. E., 831.

The alleged wrongful and unlawful acts being described as wanton and wilful, if the plaintiff could recover at all, the verdict could only embrace punitive and not compensatory damages. There is no evidence that the defendant required the plaintiff to leave the car at Blackville, or treated him with rudeness or disrespect. The plaintiff introduced evidence to the effect that when the train arrived at Blackville, the conductor was notified of a wreck on another branch of the road, and in pursuance of orders issued on account of the wreck, he left the Barnwell cars at Blackville, and used his engine to carry the Pullman car,

which he brought from Augusta, on to Columbia. That an emergency had arisen affecting the management of the Barnwell cars and the Pullman cars, seems very manifest. The question is not whether the railroad authorities acted with the best judgment or even reasonable discretion in forwarding the Pullman car and delaying the Barnwell cars. If the delay was unreasonable, the plaintiff could have sustained an action for actual damages, such as expenses, loss of time, etc. *Fort* v. *Ry. Co.*, 64 S. C., 424, 42 S. E., 196. But the plaintiff staked his case on the charge that the action of the defendant indicated a wilful or wanton disregard of the duty it owed the plaintiff to convey him to his destination with reasonable dispatch. We are unable to discover the slightest evidence of intentional or wanton disregard of this duty.

The judgment cannot be reversed on the ground that the plaintiff was subjected to mental suffering in being kept from his sick family, for there could be no recovery of punitive damages for mental suffering when the plaintiff failed to sustain his charge of wanton and wilful wrong. *Lewis* v. *Tel. Co.*, 57 S. C., 331, 35 S. E., 556.

The presiding Judge held it to be incompetent for the plaintiff to state the contents of the written order received by the conductor. No notice had been given to produce the order itself, which was the best evidence, and it was, therefore, proper to exclude a parol statement of its contents.

But aside from this, the plaintiff seems to have told all he knew of the order, as the following question and answer show: "Q. Well, what was on the order? A. Well, I did not read the order myself, but I knew it was the order. Capt. Murry said there is the order to get off to Columbia, and come here and sign it."

The plaintiff further insists that there was error in refusing to allow him to tell the reason the conductor gave for sending the engine to Columbia. It appears from the fol-

lowing questions and answers, that the plaintiff also told all he knew on this subject: "Q. What did Capt. Murry tell you that he had to go to Columbia for? A. Well, after he got this order, he did not tell me why. Q. Did you hear him say? A. Well, I may have, I don't know whether I did or not. I heard him call in his engineer and make him sign this train order and stated that the order was for Columbia."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.