TRAPP v. SOUTHERN RY.

BROOKS v. SOUTHERN RY.

1. RAILROADS—PASSENGER.—Where a passenger buys a ticket to his station, gets on a train at instruction of agent of carrier which does not stop at his station and before conductor reaches him in collecting fares his station is passed, conductor offers to take him on and return him to his station on next train, but at his request train is stopped several miles beyond his station and he walks back in the night time, no indignity or rudeness having been offered him, he cannot recover punitive damages.

2. EVIDENCE—REPLY.—In reply to evidence by defendant that passenger had wrongfully boarded a train not scheduled to stop at his station, plaintiff may show that he was directed by a servant of carrier to board that train.

Before WATTS, J., Fairfield, fall term, 1904. Reversed.

Two actions: (1) Edgar Trapp against Southern Railway, and (2) E. Trapp Brooks against Southern Railway. From judgment for plaintiff in each case, defendant appeals.

*Messrs. B. L. Abney* and *C. P. Sanders,* for appellant. *Mr. Sanders* cites: *No damages for mental suffering not accompanied with physical injury:* 53 S. C., 597; 57 S. C., 330. *Nonsuit as to wilfulness, should have been granted:* 61 S. C., 170; 69 S. C., 434; 62 S. C., 270; 64 S. C., 423; 68 S. C., 144; 99 Fed. R., 272; 44 Am. St. R., 76.

*Messrs. Buchanan & Hanahan,* contra, cite: *This Court cannot grant new trial for excessive damages:* 11 S. C., 589, 195; 53 S. C., 210; 57 S. C., 233; 25 S. C., 27. *Evidence of actual damages admissible under the complaint:* 60 S. C., 57, 72. *Evidence in reply is within discretion of trial Judge:* 16 S. C., 378; 43 S. C., 99; 35 S. C., 549; 3 Ency., 926, 915; 1 Green. Ev., sec. 2.

October 7, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   These actions, depending upon substantially the same facts, were tried together in the Circuit Court, and resulted in a judgment for $400 in favor of each plaintiff.   The complaints claim damages for both negligence and wilfulness, in carrying plaintiffs beyond their station, while aboard defendant's train as passengers.

It appears that on October 29, 1903, during the fair in Columbia, plaintiffs purchased tickets at Columbia for Bookman's, a station on defendant's railroad between Columbia and Alston, and boarded an excursion train not scheduled to stop at Bookmans.   One of the plaintiffs, in reply, was permitted to state that a railroad man, in uniform, directed him to get on "that train that was back in on that track." Under this direction plaintiffs boarded said excursion train. Defendant company also ran another train, which left Columbia station on the same track, scheduled to run a few minutes behind the excursion train, and to stop at Bookmans.   Whether or not this second train, or any part of it, was "back in on that track" when plaintiffs got aboard, does not clearly appear.   There was evidence, however, that while plaintiffs were on board, servants of the defendant went through the train, a few minutes before starting, and gave notice that said train would not make any stop before reaching Alston.   The train, consisting of a baggage car and four coaches, was crowded with passengers, some standing in the aisles.   The conductor began collecting fares and tickets at the front end of the train, and before he reached the place where plaintiffs were, in the rear end of the last, or next to the last coach, the train was passing, or had passed, Bookmans.   Seeing this, one of the plaintiffs tried to pull the cord and called to the conductor, who was then in the front end of the coach occupied by plaintiffs.   On reaching plaintiffs to receive their tickets, the conductor, for the first time, ascertained that plaintiffs were on board for Bookmans, and told them they were on the wrong train,

that said train did not stop at Bookmans, and offered to take them to Alston, the next station, and return them to Bookmans on next train. Plaintiffs objected to being taken to Alston and requested that the train be stopped. The conductor then pulled the bell cord and tried to stop the train, and as the train did not slow down, he went out on the platform and signalled with lantern to stop. It was then dark. The train came to a stop some four or five hundred yards beyond Littleton, a flag station two or three miles from Bookmans. The plaintiffs alighted at a spot across Little River · from Littleton. Plaintiffs were subjected to no rudeness or indignity. They walked back to Bookmans, crossing the trestle over Little River with some apprehension of danger, but sustaining no physical injury and no loss except the time and effort required to walk back to Bookmans, which was accomplished in about three-quarters of an hour.

The vital question presented by the appeal is whether there was any evidence whatever of wilfulness so as to justify punitive damages. This question is presented in various forms, by exception to refusal to nonsuit the cause of action based upon wilfulness, exception to refusal to charge that there was no evidence of wilfulness, and to the refusal of a new trial on that ground. We have carefully examined the testimony to this end, and are of the opinion that there was no evidence whatever of any reckless or wanton conduct on the part of defendant, and that the exceptions based upon this contention should be sustained.

The remaining exceptions were to rulings as to the admissibility of testimony. It is contended under the first, second and third exceptions that the Court allowed the plaintiff, Edgar Trapp, to give his opinion as to the amount of damages he sustained. As a matter of fact, the Court held that the witness must state facts, not his opinion, and the witness really expressed no opinion as to the amount of damages.

·The sixth exception alleges error in permitting Edgar Trapp to be examined, in reply, as to how he happened to get upon said train. The testimony was in reply to the testimony offered by defendant, that plaintiffs had wrongfully boarded a train not scheduled to stop at Bookmans. It was competent for plaintiffs to show, in reply if they could, that the agent of the defendant, while acting within the scope of his agency, had directed them to take that train.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*