6772

### USSERY v. AUGUSTA-AIKEN RY. CO.

Railroads—Punitive Damages—Nonsuit—Passenger.—Under the facts here nonsuit should have been granted as to cause of action for punitive damages for failure to stop an electric car on signal of a single motion of the hand, made when car was one hundred or two hundred yards away.

Before Klugh, J., Aiken, June, 1907.    Reversed.

Action by C. M. Ussery against Augusta-Aiken Railway Co. From judgment affirming judgment of Magistrate S. S. Lee, defendant appeals.

*Messrs. Boykin Wright, George T. Jackson* and *J. B. Salley,* for appellant, cite: *Evidence does not warrant verdict for punitive damages:* Wood's Mayne on Dam., 73, 21; 4 Thompson on Neg., par. 7202; 9 Exch., 341; 1 Suth. on Dam., 74; 71 Ga., 518; 75 S. C., 351; 55 S. E., 765; 73 S. C., 264; 65 S. C., 444; 69 S. C., 551; 72 S. C., 256; 72 S. C., 450; 122 N. C., 1005; 30 S. E. R., 343. *Duty owed plaintiff:* 186 Mass., 353.

*Messrs. Davis, Gunter & Gyles,* contra, cite: *Second exception is too general:* 59 S. C., 1; 43 S. C., 92; 61 S. C., 92; 44 S. C., 546; 70 S. C., 182. *Charge as to the law of signals could not have misled:* 63 S. C., 112; 72 S. C., 163; 75 S. C., 304. *New trial will not be granted if on facts fair jury would render similar verdict:* 78 S. C., 81.

February 26 1908.    The opinion of the Court was delivered by

Mr. Justice Woods.    The defendant owns and operates an electric railway from Augusta, Ga., to Aiken, S. C., and Langley is an important station on the line at which cars stop on signal from persons wishing to become passengers.

The plaintiff recovered judgment against the defendant for fifty dollars. in a magistrate's court, on substantially these allegations: That on 22d October, 1906, he was at defendant's Langley station desiring to take defendant's car passing Langley for Aiken, about five o'clock in the afternoon; that disregarding the signal that was properly given, "which signal the defendant's agents or servants saw, or by the use of ordinary care, could and should have seen," the defendant negligently, wilfully and wantonly failed and refused to stop the car, and thereby greatly delayed, inconvenienced, humiliated plaintiff, caused him to lose valuable time, causing him to be exposed at said station, and in other respects damaged the plaintiff in the sum of one hundred dollars." On appeal to the Circuit Court, the judgment of the magistrate was affirmed.

The case turns upon whether there was any evidence to support the verdict.

As to the signal, the plaintiff testified: "The car came, and when I first saw car, was some two or three hundred yards off. I was on the north side of the track and crossed to the southern side when I first saw the car, and when I crossed the track the motorman was on the car and had his face to the front. I had always waved them in this way and had never had one leave me before." J. B. Howard, a witness for the plaintiff, testified that a signal from that point could be seen by a motorman one hundred yards or more, that the car was one hundred or two hundred yards away when the signal was given, and that he saw Ussery make only one motion. The motorman testified he was on the lookout but did not see any signal to stop.

Langley is a place of considerable population, and persons who have no intention of taking the electric cars are frequently at the station. The motorman's attention was not only to be given to signals, but to seeing that the track was clear. A single motion with his hand was the only signal given by the plaintiff. From this evidence it was possible to infer the motorman was not as vigilant in looking out for

passengers as he might have been, but certainly it could not be reasonably inferred that he was not looking out at all, or that he actually saw the signal and refused to regard it. Wilful or wanton refusal to perform an obvious duty is not to be imputed on surmise or suspicion, or from the lack of perfect diligence or vigilance.

The motorman's failure to respond to an instantaneous signal, given with one motion of the hand, may be as well attributed to the momentary diversion of his attention so that he failed to see it, as to any other cause. There is not only no proof whatever that he saw the movement, but the plaintiff does not even so allege; on the contrary, the allegation of the complaint is in the alternative, that he either saw it or by the use of ordinary care could have seen it. If his failure to see it was due only to lack of ordinary care, then he was guilty of negligence and the defendant was liable only for compensatory damages. The plaintiff cannot have a verdict for wilful or wanton disregard of duty on showing nothing more than the doing of the act described, when he himself alleges the act may have been one due merely to the lack of ordinary care. In the case of *Milhous* v. *Ry. Co.,* 72 S. C., 442, 52 S. E., 41, it is said the failure of an engineer to see a passenger may be the result of wilfulness, and of this there can be no doubt. But that case is not authority for holding punitive damages to be recoverable on such evidence as was here adduced. This case is not the same in its facts but analogous to the cases of *Trapp* v. *Ry. Co.,* 72 S. C., 343, 51 S. E., 919; *Fort* v. *Ry. Co.,* 64 S. C., 423, 42 S. E., 196, and *Aaron* v. *Ry. Co.,* 63 S. C., 98, 46 S. E., 556, in all of which cases it was held there was no evidence of wantonness or wilfulness.

In *Thomas* v. *Ry. Co.* (N. C.), 30 S. E., 343, and *Morse* v. *Duncan,* 14 Fed., 396, it was held that facts such as were here proved do not warrant a recovery of punitive damages. The defendant's motion for a nonsuit as to the cause of action for punitive damages should have been granted.

The plaintiff was delayed an hour and there was some evidence that his business matters were somewhat disarranged in consequence. The evidence as to his actual damages was by no means clear, but we can not say there was no evidence to go to the jury on this point.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded to the magistrate's court for a new trial.