## 7711

### BLACK v. CHARLESTON & WESTERN CAR. RY. CO.

1. RAILROAD—MASTER AND SERVANT.—THE ACT OF CONGRESS, 34 Stat. at Large, 1415, prohibiting working employees in interstate traffic for longer than sixteen hours consecutively, does not protect a carrier whose train is delayed by its negligence. Besides, this act does not apply to cases of casualty, unavoidable accident, the act of God nor where the delay is the result of a cause not known to the carrier when the employee left a terminal and which could not have been foreseen.

2. CHARGE.—Remarks of Judge made to counsel on motion to let in certain evidence held not to be a charge on the facts.

3. CARRIER.—PASSENGER IS NOT ENTITLED TO RECOVER PUNITIVE DAMAGES for failure to carry to destination on a mixed train after promise, where there is nothing to show the conductor, who made the promise, knew or had reasonable cause to believe that he would not be able to run the train to his destination that night, or that he would be ordered to lie over on account of special trains on the road.

Before W. B. GRUBER, Special Judge, Barnwell, October, 1909. Reversed.

Action by Paul Delacy Black against Charleston and Western Carolina Ry. Co. From judgment for plaintiff, defendant appeals.

*Messrs. S. J. Simpson* and *Wyman & Wyman* for appellant. *Messrs. Wyman & Wyman* cite: *Proof does not sustain punitive damages:* 55 S. C. 393; 68 S. C. 99; 64 S. C. 424; Hutch. on Carriers, Secs. 899, 1217; Elliott on R. R., Sec. 1582; 60 S. C. 74; 69 S. C. 444; 84 S. C. 171; 78 S. C. 72; 75 S. C. 353; 78 S. C. 422.

*Messrs. R. C. Holman* and *W. H. Townsend,* contra, cite: *Proof of plaintiff being worried in mind and body was competent:* 72 S. C. 442; 73 S. C. 12; 80 S. C. 42; 81 S. C. 434. *Witness may testify in reply to same matter as in chief:* 54 S. C. 339. *The federal statute relating to time*

*employee may work does not apply here:* 195 U. S. 468;
149 U. S. 14; 120 Fed. 879; 104 Fed. 732; 65 S. C. 543.
*Act of Congress does not excuse from negligence:* 65 S. C.
543; 186 U. S. 480; 120 Fed. 879; 195 U. S. 468; 149 U.
S. 14. *Statements of Judge to counsel on motion is not a
charge on facts:* 80 S. C. 386; 82 S. C. 326. *Point that
there was no evidence to support punitive damages not hav-
ing been raised on circuit cannot be considered here:* 75
S. C. 571; 83 S. C. 277, 577; 81 S. C. 24.

November 11, 1910. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. Plaintiff recovered judgment
against defendant for $300, actual and punitive damages,
for failure to carry him to his destination within a reason-
able time. The complaint alleged and the testimony tended
to show that plaintiff became a passenger on a local freight
and passenger train on defendant's road at Fairfax,
between 4 and 5 o'clock p. m., February 22, 1909, after
telling the conductor that he was anxious to get to his
home about two miles in the country from Millett's, a
station 21 miles from Fairfax, that night, because his wife
was there sick, unprotected and alone, except the presence
of some small children, and she was expecting him to return
that night, and, if the train would not go to Millett's that
night, he would hire a conveyance and drive through the
country to his home. Being assured by the conductor that
the train would go to Millett's that night he got aboard
and paid his fare to Millett's. The train was then several
hours behind its schedule time. It arrived at Allendale,
five miles from Fairfax, between 6 and 7 o'clock, and, after
remaining there about two hours, it was side-tracked, and
the conductor informed plaintiff that he had received orders
to lie over there until the next morning, and could go no
farther. It was then dark and raining. Plaintiff spent the
night at a hotel, and was carried to Millett's the next morn-

ing on the same train. . The defendant denied the allegations of the complaint, and plead, as an excuse for its failure to carry plaintiff to his destination that night, the act of congress (34 Stat. at Large, 1415), which prohibits carriers engaged in interstate traffic (and this train was so engaged) from requiring or permitting any of its employees to remain on duty more than sixteen consecutive hours. The defendant's testimony tended to show that some of the train's crew went on duty that morning at 6 o'clock, and that it would have been impossible to carry the train to any station beyond Allendale, at which it could lie over, within the sixteen hours; and that the delay was due to the fact that the train was a very heavy one and carried that day an unusually large quantity of local freight which had to be handled, and also to the fact that it had to give the right of way to some extra trains passing over the road.

The defendant moved the Court to direct a verdict in its favor, on the ground that it was excused from liability by the act of congress. The Court refused the motion and charged the jury that the act of congress afforded defendant no protection, if the delay was caused by its negligence. In this there was no error. Even what is termed in law an act of God will not excuse a carrier from the liability which the law imposes upon him, unless he shows that the injury could not have been prevented by any foresight, pains or care reasonably to be expected of him. *Hartzburg* v. *Ry.*, 65 S. C. 539, 44 S. E. 75, and cases cited. Certainly the act of congress cannot be allowed to shield a carrier from the consequences of his own negligence. Moreover, by its terms, the act does not apply in cases of casualty, unavoidable accident, or the act of God; nor where the delay was the result of a cause not known to the carrier, when the employees left a terminal, and which could not have been foreseen. Therefore, if the delay was due to any of said causes, it would not have been a violation of the act of congress to permit the crew to

remain on duty more than sixteen hours, and, in that event, the act can be no defense. If the delay was not due to one of said causes, to what else could it have been due, except the defendant's negligence?

During the argument of the motion for direction of the verdict, it occurred to defendant's attorney that he should have proved that defendant's trains are moved by telegraphic orders, and that the telegraph office at the nearest station to Millett's beyond Allendale at which the train could lie over was closed at night. He, therefore, asked and was allowed to prove that fact. But, in responding to the request, the Court said: "I do not think it would affect the case, because, although the law may have prevented this work crew running more than sixteen hours, and it may be that they could not have carried this train through to a station beyond Millett's, those circumstances alone would not have excused the defendant from liability in this case, because the defendant could foresee this and should have provided against it,—this delay should have been provided for."

The defendant alleges error in the foregoing remarks of the trial Judge, made in the presence of the jury, as a charge on the facts, especially the last part of them, in which his Honor said, "because the defendant could foresee this and should have provided against it,—this delay should have been provided for."

While the remarks were made in the presence of the jury, they were not made to the jury or in charging the jury, but to counsel in passing upon his request. This Court has recently, in a number of cases, been called upon to consider such remarks made by Judges during the progress of trials, and the general rule announced is that such remarks, made in passing upon the admissibility of evidence or motions for nonsuit or direction of a verdict do not fall within the inhibition of the Constitution against Judges charging juries with respect to matters of fact, and become reversible

error, unless they are made in such manner or under such circumstances as to so impress upon the jury the opinion of the Judge as to some vital fact in issue that he thereby becomes a participant in the decision of such fact to the prejudice of appellant. *State* v. *Driggers,* 84 S. C. 530, 166 S. E. 1042; *Latimer* v. *Electric Co.,* 81 S. C. 379, 62 S. E. 408, and cases cited. In his charge to the jury, the trial Judge impressed upon them that they were the sole judges of the facts in issue. We must assume that the jury was composed of men of sufficient intelligence and integrity to understand and obey the instructions of the Court; and we do not think the error complained of was so prejudicial as to require a reversal of the judgment.

We think, however, that the Court erred in refusing to charge, as requested by defendant, that the plaintiff was not entitled to recover punitive damages. We have stated the testimony most strongly in plaintiff's favor, and we find in it nothing tending to show a reckless or wilful disregard of plaintiff's rights. There is nothing to show that, when plaintiff was accepted as a passenger, the conductor knew, or had reasonable cause to believe, that he would not be able to run his train to Millett's that night, or that he would be ordered to lie over at Allendale. There was no evidence of rudeness or disrespect toward plaintiff. On the contrary, there was evidence that, when he was ordered to lie over at Allendale, the conductor asked by telegraph for permission to carry plaintiff to Millett's, but his request was refused, as he said, because there were some special trains on the road. In *Fort* v. *Ry.,* 64 S. C. 423, 42 S. E. 196, the Court said: "One who boards as passenger a mixed freight and passenger train, takes passage subject to the delays incident to that mode of conveyance. For any unreasonable delay, considering that mode of conveyance, the passenger has redress for actual damages occasioned thereby; and if the conduct of the defendant company is such as to show a wanton or wilful disregard of

duty to such passenger, exemplary damages may be awarded." In *Aaron* v. *Ry.,* 68 S. C. 99, 46 S. E. 556, the plaintiff sued for punitive damages only. The facts were very similar to the facts of this case. A nonsuit was sustained by this Court.

Judgment reversed.