## 8161

### STATE v. ROBINSON.

CHARGE.—The remarks of the trial Judge during a colloquy between him and counsel as to whether he could contradict his own witness because he was taken by surprise, that "I do not see anything at all to indicate that his mind is prejudiced one way or the other" and "The witness looks like a very fair-minded witness, is all I can say," is not within the constitutional inhibition as to charging on the facts.

Before SEASE, J., Anderson, May term, 1911. Affirmed.

Indictment against John Robinson. Defendant appeals.

*Mr. A. G. Dagnall,* for appellant, cites: 73 S. C. 383; 81 S. C. 379; 85 S. C. 269; 60 Pac. 112; 12 A. C. R. 585; 24 N. W. R. 843; 27 Cal. 319.

*Attorney General J. Fraser Lyon,* contra, cites: 87 S. C. 244.

March 27, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Defendant was convicted of assault and battery with intent to kill, and from sentence of five years at hard labor, he appeals.

Defendant's attorney put up a witness, whose testimony took him by surprise. Thereupon, the following colloquy between defendant's attorney and the Court took place: "May it please the Court, I know that ordinarily the rules of evidence will not permit one to contradict his own witness, but the evidence of this witness is a complete surprise to me." The Court: "I don't see anything at all to indicate that his mind is prejudiced one way or the other." Mr. Dagnall: "This witness told me before I had him summoned that defendant asked his wife to get some hot supper for him; that the defendant had not abused her in any way:

that defendant did not have a shotgun in the road when he
met the Bells; that defendant was not to blame in any way
for the difficulty, and that defendant acted in self-defense all
through the difficulty, and was not the aggressor in any
manner, and that he did not hear the old man (meaning
Bell) say a word when he left the house." The Court:
·"The witness looks like a very fair-minded witness is all
I can say." Mr. Dagnall: "I would like to except to your
Honor's ruling on the ground that the Court has invaded the
province of the jury in passing upon the facts of the case,
as the weight of the evidence and the credibility of the wit-
ness is for the jury and not for the Court." The Court:
"I am ruling this that the witness has not shown any bias
one way or the other and seems to be fair, and I rule that
counsel cannot contradict him." Mr. Dagnall excepts to
the ruling on the ground that the credibility of the witness
is for the jury and not for the Court.

The sole point made by the exceptions is that, in his
remarks made in the presence of the jury, in the colloquy
between counsel and the Court above quoted, the presiding
Judge committed error, in that he violated that provision
of the Constitution which says that "Judges shall not charge
juries in respect to matters of fact." In *Black* v. *Ry.*, 87
S. C. 244, 69 S. E. 230, this Court said, in disposing of a
similar ground of appeal: "While the remarks were made in
the presence of the jury, they were not made to the jury,
or in charging the jury, but to counsel in passing upon his
request. This Court has recently, in a number of cases,
been called upon to consider such remarks made by Judges
during the progress of trials, and the general rule announced
is that such remarks, made in passing upon the admissibility
of evidence or motions for nonsuit or direction of a verdict,
do not fall within the inhibition of the Constitution against
Judges charging juries with respect to matters of fact, and
become reversible error, unless they are made in such man-
ner or under such circumstances as to so impress upon the

jury the opinion of the Judge as to some vital fact in issue that he thereby becomes a participant in the decision of such fact to the prejudice of appellant. *State v. Driggers,* 34 S. C. 530, 66 S. E. 1042; *Latimer v. Electric Co.,* 81 S. C. 379, 62 S. E. 408, and cases cited."

The remarks of the Judge were called forth by counsel, who asked to be allowed to contradict his own witness, which is not permissible. *State v. McKay,* 89 S. C. 234. There is nothing in the remarks of the Judge which made him a participant in the decision of any issue of fact in the case.

Judgment affirmed.

*Only* MESSRS CHIEF JUSTICE GARY *and* JUSTICE WOODS *participate in this opinion and concur.*