15486

STATE v. DEAS ET AL.

(23 S. E. (2d), 820)

June, 1942:

*Messrs. McEachin & Townsend,* of Florence, Counsel for Appellants,

*Mr. J. Reuben Long,* Solicitor, of Conway, and *Mr. George W. Keels,* of Florence, appeared as Counsel for The State, Respondent.

January 11, 1943.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

Appellants were tried in the Court of General Sessions for Florence County at the June, 1941, term upon an indictment for murder and were convicted of manslaughter. The homicide occurred at about four o'clock in the morning at a "juke joint" on the Darlington highway near the City of Florence in March of that year. No detailed statement of the facts is necessary for consideration of the exceptions, but they will be referred to as may be thought necessary in the discussion of the latter.

Able counsel for the appellants have in their brief conveniently grouped the allegations of error under three questions, the first of which complains of the admission in evidence over objection of testimony of the proprietor of the roadhouse concerning a conversation between him and the male appellant at the place, the locus of the crime, about a half-hour after its commission when this appellant returned to the scene and the witness threatened him with a shotgun and told him that he had already done enough damage there. In the light of retrospect it is difficult to see the relevancy of this conversation but a consideration of all of the evidence, particularly that given by this witness, makes impossible the conclusion that any prejudice resulted to the appellants from it. As has been

many times said, the admission of evidence is largely within the discretion of the trial Judge and erroneous exercise of it must be accompanied by probable prejudice to a party in order to entitle him to a new trial for admission or rejection of questioned evidence. *State v. Gregory,* 198 S. C., 98, 16 S. E. (2d), 532.

The second exception is included under this general ██ head and it is contended by it that appellants were prejudiced by the admission of questions by the solicitor of the appellant Deas on cross examination as to whether he had shot a hole in the floor of the home of the other appellant on the night before the tragedy, which the witness denied, but the implication in the questions tended to rebut the contention of the witness that his first possession of the pistol was on the night of the killing and that he had then taken it from the home of his co-defendant, at her request, for the purpose of cleaning it, so that evidence of his using it before would have been admissible, within the discretion of the trial Judge, to rebut his former testimony. It cannot be overlooked that this was cross examination, the range of which is ordinarily peculiarly within the sound discretion of the trial Court.

However, it is contended that the case falls within the rule illustrated by *State v. Gilstrap,* 149 S. C., 445, 147 S. E., 600; *State v. Peden,* 157 S. C., 459, 154 S. E., 658, and *State v. Gregory,* 191 S. C., 212, 4 S. E. (2d), 1. Undoubtedly, as said in these and other decisions, one on trial may not be subjected to proof or evidence of other crimes than that involved in the instant charge, with certain now irrelevant exceptions, but the challenged questions did not go to the length of imputing any other crime to either of the defendants. Indeed, affirmative answers to the questions objected to would not have established any crime.

For the reasons assigned, we think that the exceptions charging error in the admission of testimony must be overruled.

The next question for consideration arises out of the following isolated portions of the Court's charge to the jury:

"I further charge you that if the defendant—if a person who is engaged in an unlawful act and death results from his negligent act and a person is killed, then that would be murder.

"Where a person is killed by a deadly weapon and noth-. ing else appears the law presumes malice from the use of the deadly weapon, because a person is held responsible for the ordinary results, ordinary consequences of this act done intentionally."

These portions of the charge are criticized for their allegedly erroneous references to the proof of malice.

But they related to the crime of murder and the jury were instructed that a finding of malice was necessary for a conviction of such and not present in manslaughter, so the effect of the verdict was an acquittal of the defendents of the charge of murder and therefore an acquittal of malice. Thus whether the charge of the Court was correct in that respect is now an academic question and there could have been no prejudicial error, if error at all, on that account. *State v. Chambers,* 194 S. C., 197, 9 S. E. (2d), 549.

The third and final question made by appellants, including their remaining exceptions, alleges error arising out of the following circumstances. At the outset of his charge the Court, evidently anticipating the submission of requests to charge in the usual manner (Rule 11 of the Circuit Court), inquired for them and defendants' counsel stated orally in reply: "We would just like your Honor to charge the general law and also the law relative to accidental killings." Thereupon the Judge proceeded with his charge, incuding a considerable amount devoted to "accidental killings." The defendant Deas had contended that he had the pistol under his belt and that in his struggle with the deceased the latter removed it and was shot in the ensuing

fight for its possession, but the State's testimony tended to show that the pistol was procured by the other defendant from her handbag or the pocket of their car and handed to Deas for the deadly purpose which was accomplished.

As the Judge was about to conclude his charge he stated that he thought he had explained all the applicable law and inquired of the acting solicitor who stated that he had no requests, and then the Court directly addressed appellants' counsel who made in turn two verbal prayers for instructions which were granted by the Judge and he further charged the jury as requested and asked of counsel: "Is there anything else?" to this counsel directly replied: "Nothing further from the defendants, your Honor." Then the Court charged additionally upon the "reasonable doubt" rule in conclusion. Thereafter appellants' counsel stated that he thought that under the testimony appellants were entitled to a charge on the law of self-defense and the Court replied: "If you wish me, I can do that, but I don't remember any testimony in the case involving the doctrine of self-defense, but I have no objection to charging it to the jury if you request it. I will do it." He thereupon charged that rule of the criminal law at length.

Of course, under our Constitution and practice the ▮ jury are the sole judges of the facts in criminal trials and it is error for the Judge to communicate his views of them to the jury. However, it has been held in many decisions that when addressing counsel and otherwise making necessary rulings a trial Judge may, and sometimes must, make use of expressions that would constitute prejudicial error if included in his instructions to the jury upon the law, of which he is the arbiter. And upon consideration of the charge as a whole and of the entire trial record in this case, we find no prejudice to appellants on this account which would warrant the reversal of their conviction and the ordering of a new trial.

The case is, we think, within the rule recently stated in *State v. Mishoe,* 198 S. E., 215, 17 S. E. (2d), 142, 145, from which we quote: "It has long been recognized that remarks made by the presiding Judge in the course of the trial need not be confined in such narrow limits as to prevent him from stating his reasons for his rulings. The correct rule is well expressed in the case of *Black v. Charleston & W. C. R. Co.,* 87 S. C., 241, 69 S. E., 230, 31 L. R. A. (N. S.), 1184, quoted with approval in the case of *State v. Robinson,* 91 S. C., 161, 74 S. E., 363, as follows: 'While the remarks were made in the presence of the jury, they were not made to the jury (or in charging the jury), but to counsel in passing upon his request. This Court has recently, in a number of cases, been called upon to consider such remarks made by Judges during the progress of trials, and the general rule announced is that such remarks, made in passing upon the admissibility of evidence, or motions for nonsuit or direction of a verdict, do not fall within the inhibition of the Constitution against Judges charging juries with respect to matters of fact, and become reversible error, unless they are made in such manner or under such circumstances as to so impress upon the jury the opinion of the Judge as to some vital fact in issue that he thereby becomes a participant in the decision of such fact to the prejudice of appellant. *State v. Driggers,* 84 S. C. (526), 530, 66 S. E., 1042 (137 Am. St. Rep., 855, 19 Ann. Cas., 1166) ; *Latimer v. (General) Electric Co.,* 81 S. C. (374), 379, 62 S. E., 438, and cases cited.' "

Not submitted as a separate question by counsel but included in several of the latter's exceptions is complaint of the absence of instruction of the jury as to the alleged right of the appellant Deas to defend his possession of the pistol and to defend his companions. It is necessary only to point out counsel's confinement of his special request, above referred to, to self-defense and his

16

continued failure to make requests on these particular points when invited to request further instructions at the conclusion of the Court's charge upon self-defense. The exceptions here dealt with were not urged on oral argument but were not abandoned. Hence they have been considered and are found to be without merit.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE, concur.