James THACKER, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 66-C-128-A.

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 2, 1967.

was also found guilty of maiming, attempted murder and armed robbery for which he was sentenced to fifteen years, five years and ten years respectively. All of these three sentences were ordered to be served concurrently with the life sentence.

The record shows that following his convictions on April 24, 1962, the petitioner wrote several letters to his court appointed attorney requesting that the attorney appeal his convictions. The attorney, being of the opinion that nothing could be gained by an appeal, wrote back to petitioner and told him that the petitioner's mother and he both felt that an appeal would be futile and that, therefore, none would be taken. They encouraged the petitioner to work toward parole instead. Not being satisfied with this answer, the petitioner filed a petition for a writ of habeas corpus in the Law and Equity Court of Richmond on November 18, 1963. The case was referred to the Circuit Court of Wise County for a plenary hearing. On May 4, 1964, such hearing was conducted in the Wise County Circuit Court by the judge designate, Judge Raymond J. Boyd. There the writ was denied and the petition dismissed. An appeal on the dismissal of the habeas corpus writ was taken to the Supreme Court of Appeals of Virginia. On January 17, 1966 Justice Buchanan, speaking for the court in Thacker v. Peyton, 206 Va. 771, 146 S.E.2d 176, found that the May 4, 1964 judgment of the Circuit Court of Wise County was erroneous. The judgment was, therefore, reversed the court holding that the petitioner, whose court appointed counsel had not taken an appeal because he believed there were no grounds therefor, would be permitted to petition for a writ of error to his original conviction of April 24, 1962. The court further directed that an attorney be appointed to assist him in this appeal, said counsel also being directed to work with the Commonwealth's Attorney to prepare a narrative statement of the evidence introduced at the trial of the petitioner on April 24, 1962, since no court

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## Opinion and Judgment

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by James Thacker, a state prisoner, and it is filed in forma pauperis.

Respondent is now detaining petitioner pursuant to a judgment of the Circuit Court of Wise County of April 24, 1962, wherein petitioner was sentenced to serve a term of life imprisonment, having been convicted of murder in the first degree. On April 24, 1962, petitioner

reporter had been present at the trial. Upon certification of the narrative statement by the trial judge counsel was given sixty days to prepare and present a petition for appeal to the Supreme Court of Appeals or to one of its judges as provided by law. If these procedures could not be complied with, then the petitioner was to be granted a new trial.

Subsequently, Leslie M. Mullins was appointed to represent the petitioner. On May 5, 1966, Judge M. M. Long, Jr.; Kenneth P. Asbury, Commonwealth's Attorney; James Thacker, the petitioner; and Leslie M. Mullins did, in the Circuit Court of Wise County, go over the narrative statements which had been prepared by the state and by the defense. The petitioner was allowed to make objections to any and all parts of the statements and Judge Long ruled on these objections. The final draft of the narrative statement was presented to Judge Long on May 9, 1966 when he certified it. With this certified narrative statement, Mr. Leslie Mullins then prepared and presented to the Supreme Court of Appeals a petition for a writ of error to the judgment of the Circuit Court of Wise County of April 24, 1962. This petition was received and reviewed by the Virginia high court and on November 30, 1966, it rejected the petition and refused to grant the writ of error on the grounds that the judgment of the Wise County Circuit Court was plainly right in all of the four felony convictions, namely those convictions based on indictments number 3296, 3298, 3299 and 3300 for murder, maiming, attempted murder and armed robbery respectively. Petitioner's next judicial action was to present his petition for a writ of habeas corpus to this court.

The summary above is adequate to show that the petitioner has exhausted all of his available state remedies in habeas corpus and appeal before coming to this court. Thus he has complied with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner now makes three allegations:

1. that he was denied his constitutional right to appeal from the trial court conviction;

2. that the court found him guilty of first degree murder when he pleaded "not guilty" to the court without a jury; and

3. that he was prejudiced by the failure of the court to appoint a court reporter to make a transcript of his trial.

■ The facts in the history of this case demonstrate that there is no merit in petitioner's first allegation in this court, namely, that he was denied the right to appeal from his Wise County Circuit Court convictions of April 24, 1962. It is quite true that petitioner was denied this right in the first instance. But the Supreme Court of Appeals corrected this defect on January 17, 1966, when it gave petitioner a new time within which to appeal. The record, therefore, quite conclusively disposes of the petitioner's first contention and we can grant him no relief on it.

■ His second contention here is that the Wise County Circuit Court violated his constitutional rights by finding him guilty of first degree murder while trying him without a jury when his plea was "not guilty". The Virginia Code, 1960 replacement volume, provides in § 19.1–192 as follows:

* * * if the accused plead not guilty, with his consent after being advised by counsel and the concurrence of the attorney for the Commonwealth and of the court entered of record, the court shall hear and determine the case without the intervention of a jury. In such cases the court shall have and exercise all the powers, privileges and duties given to juries by §§ 18.1–16 through 18.1–20, 19.1–249, 19.1–251 to 19.1–254 and 19.1–292, or any other statute relating to crimes and punishments.

The record shows that the above quoted statute was fully complied with on

April 23 and 24, 1962. Specifically it shows that on April 23, 1962, the petitioner was brought, in person, before Judge M. M. Long, Jr., where he was represented by his two court appointed lawyers, R. C. Shannon and Carl W. Newman, and on each of the four felony indictments the following transpired:

Whereupon, the accused, after private consultation with his counsel, stated that he was ready for trial. Thereupon, the accused was duly arraigned and after being duly advised by his counsel plead not guilty to the indictment, which plea was tendered by the accused in person, after being first advised by his counsel, the accused in person, waived a trial by a jury, and requested that the court hear and determine the case without the intervention of a jury. The Court advised him of his right to a trial by a jury, who, if found guilty would fix his punishment. With the concurrence of the attorney for the Commonwealth and the court, here entered of record, the court proceeded to hear and determine the case without the intervention of a jury as provided by law. After having heard all the evidence offered on behalf of the Commonwealth and the accused, the court desiring time to consider, passed this case until tomorrow morning at nine thirty o'clock A. M. * * *

The record shows further that on the next day, April 24, 1962, the defendant was brought before the court where he waived his right to a pre-sentence report after conferring with his counsel for "some time". Thereafter the court found him guilty of each of the four felonies and pronounced sentence.

In such a trial as the one that took place before Judge Long, it would be, of course, procedurally possible for the court to find the defendant guilty of first degree murder when he had entered a plea of "not guilty" and had requested that it be heard by the court without a jury, such request being consented to by the Commonwealth's Attorney and the court. As set out above, the last sentence of § 19.1–192 says "In such cases the court shall have and exercise all the powers, privileges and duties *given to juries* by §§ 18.1–16 * * * *or any other statute relating to crimes and punishments.*" (Emphasis added.) Such *other statute* is § 19.1–250 of the Virginia Code which provides:

If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict fix the degree thereof and ascertain the extent of the punishment to be inflicted within the bounds prescribed by §§ 18.1–22 and 18.1–23.

Thus petitioner is entitled to no relief in any part of his second allegation because the trial court complied fully with § 19.1–192 of the Virginia Code.

Lastly, petitioner alleges that his constitutional right to appeal was hampered because the trial court failed to appoint a court reporter to take down the incidents of the trial on April 23 and 24, 1962; and that the court erred further when it certified an incorrect narrative statement of the trial which was used for the appeal to the Supreme Court of Appeals on November 30, 1966.

In Thacker v. Peyton, supra, the same opinion that vacated the order of the Wise County Circuit Court and ordered that the petitioner be given a new period of time within which to appeal his original four convictions, the Supreme Court of Appeals also attempted to remedy any prejudice that could have grown out of the Circuit Court's failure to appoint a court reporter. As noted in the statement of facts above it remanded the case to the Wise County Circuit Court

with direction to appoint counsel for the defendant, who shall work with the Commonwealth's attorney and prepare a narrative statement of the evidence introduced at the trial of the defendant and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after appointment of counsel. Upon certification of the narrative of the evidence defendant's

counsel shall be furnished a copy thereof and of any other relevant parts of the record, and counsel shall then prepare and present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If these procedures cannot be complied with, then defendant shall be granted a new trial.

We believe that the petitioner was entitled to have a written account of what took place at the trial in order to perfect his appeal. The above quoted order of the Supreme Court of Appeals demonstrates that that court also saw the need for such a written account, and that court's order was, in the opinion of this court, a perfectly proper and non-prejudicial way to satisfy the need which grew out of the oversight at the trial level.

Petitioner complains further that even if the narrative statement is a satisfactory way to fill the void left where a transcript of a trial should be, this particular narrative statement is "not a fully complete and accurate description of the trial and the incidents of the trial. * * *"

We have read the narrative statement, and we have read the transcript of the proceeding at which the judge who presided at the trial, Judge M. M. Long, Jr., heard the Commonwealth's Attorney, the court appointed counsel for the petitioner's appeal and the petitioner himself in all arguments and objections as to what should be in the certified narrative statement. The judge's ruling on each of these questions is also in this transcript. He drew on his own memory and on his own notes made at the trial to help him make the proper ruling on the various objections and arguments raised and where he could not remember what had occurred he made a ruling based on the evidence before him. We can find nothing in this transcript of the proceedings to make up the narrative statement or in the narrative statement itself which indicates that the record is not an accurate description of what took place at the trial. Thus we feel that the Supreme Court of Appeals ruled in a proper manner when it refused to grant a writ of error on this contention when it was brought before them in the petitioner's appeal which was dismissed on November 30, 1966.

Therefore on the third contention as with his other two contentions we find no basis for relief to the petitioner. Accordingly, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.