**James D. THACKER, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitenitary, Respondent.**

Civ. A. No. 69-C-11-A.

United States District Court
W. L. Virginia,
Abingdon Division.

May 14, 1969.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by James D. Thacker, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated February 4, 1969.

Petitioner is currently serving a life sentence in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Wise County of April 24, 1962, wherein he was convicted of the crime of murder. The conviction resulted after a trial by a judge without a jury in which the petitioner, represented by court appointed counsel, entered a plea of not guilty. On April 24, 1962, petitioner was also found guilty of maiming, attempted murder and armed robbery for which he was sentenced to fifteen years, five years and ten years respectively.

As the result of a petition for a writ of habeas corpus filed in the state courts on November 8, 1963, the petitioner was granted the right to appeal his 1962 convictions. In Thacker v. Peyton, 206 Va. 771, 146 S.E.2d 176 (1966), the Virginia Supreme Court held that the petitioner had been denied his right to appeal and accordingly instructed the trial court to prepare a narrative statement of the evi-

dence introduced at trial and to allow court appointed counsel to prepare a petition for appeal. The narrative statement was prepared, a petition for appeal presented, and by order dated November 30, 1966, the Virginia Supreme Court denied the petition for a writ of error.

On December 19, 1966, the petitioner filed a petition for a writ of habeas corpus in this court. Although the petition for a writ of habeas corpus in the state courts had alleged some thirteen claims, the petition in this court was limited to the three following claims (1) denial of appeal by his attorney (2) improper finding of guilt by the trial court and (3) prejudice resulting from the failure of the court to have the trial proceedings transcribed. By order dated February 2, 1967, 264 F.Supp. 997, this court, finding no merit in petitioner's claims, denied the writ and dismissed the petition. An appeal to the United States Court of Appeals for the Fourth Circuit resulted in a denial of petitioner's certificate of probable cause and a dismissal of the appeal thereby affirming this court's decision. Thacker v. Peyton (Mem.Dec.No. 12,061, Jan. 18, 1968).

In the present petition before this court, the petitioner alleges the following: (1) that he was denied effective representation of counsel because the court appointed counsel did not call a witness, one Curtis Fugate, who could have established petitioner's innocence (2) that he was denied a trial by jury (3) that a confession was forcibly obtained by the police authorities (4) that he was not allowed to be present at three sessions in the trial judge's chambers during his trial which was a denial of due process (5) that the failure to have the alleged victim of the attempted murder appear as a witness rendered such conviction void for insufficiency of evidence and (6) that he was denied the right to a "fair and proper appeal". The last claim has been sufficiently answered in the previous decision of this court issued on February 2, 1967, and affirmed by the United States Court of Appeals for the Fourth Circuit (Mem. Dec.No. 12,061, Jan. 18, 1968). The remaining claims, as indicated in the foregoing summary, are properly before this court in compliance with 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The record lends little support to petitioner's claims concerning the failure of counsel to call a witness to establish petitioner's innocence, the denial of a trial by jury, and the alleged secret sessions in the trial judge's chambers during trial. The petitioner testified at the state habeas corpus hearing that he requested that one Curtis Fugate be called as a witness, that he did not know that he had a right to a trial by jury and that there were three sessions in the trial judge's chambers which even though he requested to attend, he was not allowed to do so. Mr. Raymond C. Shannon, one of petitioner's court appointed counsel, testified at the hearing. Mr. Shannon, who has over thirty years experience as a lawyer, testified that the petitioner had never given him a list of witnesses; that "I advised him that in my opinion it was better to waive a jury trial and he agreed. I explained my reasons for it before trial." Mr. Shannon also testified concerning the alleged sessions in the judge's chambers, "I didn't have any. When the trial started it was all here—out here in the courtroom, as I recall". Mr. Carl W. Newman, the other court appointed attorney, testified that he did not recall the name Curtis Fugate until it appeared in a letter written by the petitioner subsequent to the trial; that the petitioner was advised of his right to a trial by jury on several occasions and that the petitioner chose to waive a trial by jury and; that there were no secret sessions in the trial judge's chambers during the trial. Mr. Kenneth P. Asbury, the Commonwealth Attorney, testified that the petitioner was advised in open court of his right to trial by jury and that the petitioner voluntarily waived this right. Mr. Asbury further testified that there were no se-

cret sessions and that no subpoena could be located with the name of Curtis Fugate on it. In addition to the above the court records read that the petitioner appeared in open court, entered a plea of not guilty after consultation with his attorney, was advised of his right to a trial by jury and after further consultation with counsel waived a trial by jury. The records state that after hearing the evidence presented by the Commonwealth and the petitioner, the court postponed judgment until the following day. The next day the petitioner was found guilty of all four charges, advised of his right to have a pre-sentence report, which he waived, and was then sentenced. It is well settled that the petitioner must show, by a preponderance of the evidence that he is entitled to federal habeas corpus relief. This burden cannot be carried when the petitioner's naked allegations and testimony are squarely met by sound testimony to the contrary. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). From a careful review of the records we find that petitioner has failed to carry the burden of evidence as to his allegations concerning the calling of witnesses, the denial of a jury trial and the alleged sessions in the trial judge's chambers. Thus we can grant no relief based upon these claims.

■ The allegation concerning the illegally obtained confession offers no basis for federal habeas corpus relief. Assuming, but not deciding that the confession was illegally obtained, the court notes that the confession was declared inadmissible as evidence at the petitioner's trial. Mr. Shannon, counsel for petitioner, testified that his objection concerning the admissibility of the confession was sustained, and that the confession was not admitted into evidence. Thus the confession was not used by the court when deciding the issue of guilt or innocence. Assuming everything that the petitioner says is true, it does not appear that petitioner has been deprived of any federal constitutional right amounting to a denial of due process of law or the essence of a fair trial. Because the confession was excluded from being admitted into evidence, we find no basis on which to grant federal habeas corpus relief.

■ The last claim concerns the failure of the victim of the attempted murder charge to testify. Petitioner claims that this failure rendered the evidence pertaining to the charge so insufficient as to amount to a denial of due process. It is only where the evidence is so lacking in substance as to amount to a deprivation of a constitutional right that this court may act. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). As the Court of Appeals for the Fourth Circuit said in their decision affirming this court's decision concerning petitioner's initial petition for a writ of habeas corpus.

In his instant petition, Thacker also alleges that the judgments of the trial court in finding petitioner guilty in each of the four crimes charged is not supported by the evidence. We disagree. A careful reading of the narrative statement lends little support to petitioner's contentions. Thacker v. Peyton (Memo.Dec.No. 12,061 at p. 5, Jan. 18, 1968).

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to federal habeas corpus relief based upon any of his claims. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.