Joe M. MATHIS, Petitioner-Appellant,

v.

The **PEOPLE OF** the **STATE of COLO-RADO** and Wayne K. Patterson, Warden of the Colorado State Penitentiary, Respondents-Appellees.

No. 468–69.

United States Court of Appeals, Tenth Circuit.

May 1, 1970.

C. Willing Browne, of Yegge, Hall & Evans, Denver, Colo., for petitioner-appellant.

George E. DeRoss, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and John P. Moore, Deputy Atty. Gen., on the brief), for respondents-appellees.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from the denial of habeas corpus relief to appellant, a state prisoner. He was found guilty of various offenses, all related to an attempted supermarket robbery in Denver. The Colorado Supreme Court affirmed the conviction. Mathis v. People, Colo., 448 P.2d 633. In the habeas court the appellant offered no evidence and the case was decided on the basis of the state court record.

■■ Appellant argues that the evidence is insufficient to sustain the conviction. A state prisoner is entitled to

federal habeas relief only when rights guaranteed by the Constitution of the United States have been denied to him. Hickock v. Crouse, 10 Cir., 334 F.2d 95, 100, cert. denied 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572. The sufficiency of the evidence to sustain a conviction is not subject to federal habeas review, Wagenknecht v. Crouse, 10 Cir., 344 F.2d 920, 921, unless the conviction is "so totally devoid of evidentiary support as to raise a due process issue," Edmondson v. Warden, 4 Cir., 335 F.2d 608, 609. We have reviewed the trial transcript and agree with the Colorado Supreme Court that the evidence is quite sufficient to support the verdicts. See Mathis v. People, supra, 448 P.2d 637–638.

The next question relates to a warrantless search of an automobile. Police surprised the robbers and a gunfight ensued. The robbers fled leaving the loot and various articles of clothing including a glove. Appellant was arrested about half an hour later. The police began a search for a car in which the appellant had been seen riding. The car belonged to his fiancee. She told the police that she had loaned the car to the appellant, that it was missing, and that she had asked a friend to try to locate it. Sometime later, a police officer found the car unoccupied and parked at a street curb several blocks from both the scene of the robbery and the place where appellant had been arrested. By the use of his flashlight the officer saw that the ignition key was in place. He opened the door, took the key, and also took a glove which was lying in plain sight on the front seat. The glove was the mate of the one found near the robbery. Over objection, the key and the glove were received in evidence.

■ In the performance of his duty the officer had the responsibility to prevent unauthorized use of the car which the owner had reported missing. The reasonable thing to do was to take the key out of the ignition lock. He opened the door and did so. While so engaged

he saw the glove in plain sight. The discovery of the glove was not a search because in the performance of his duty he "merely saw what was placed before him in full view." Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 1635, 10 L.Ed.2d 726. See also Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed. 2d 1067, and United States v. Self, 10 Cir., 410 F.2d 984, 986. No right of the appellant was violated.

■ A detective testified on redirect examination to a statement made to him by appellant in jail after charges had been filed and defense counsel had been appointed. The statement, made in the absence of counsel, was that appellant would not discuss the case "or he would be knocked off when he reached the penitentiary." Receipt of the testimony is said to violate Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

On cross-examination of the officer, defense counsel repeatedly asked him whether appellant had denied participation in the crime. On redirect, the prosecution merely brought out the complete statement. No objection was made to the testimony. This is not a Massiah case where incriminating statements were offered by the prosecution and received over defense objection. Here, defense counsel persisted in extracting from the witness the fact of appellant's denial of participation in the robbery. The trial strategy was deliberate and knowing. We have held that constitutional claims may be waived "if done so knowledgeably as part of defense strategy." Mize v. Crouse, 10 Cir., 399 F.2d 593, 596, cert. dismissed 394 U.S. 913, 89 S.Ct. 1177, 22 L.Ed.2d 448. Cf. Henry v. Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 13 L.Ed.2d 408, and Curry v. Wilson, 9 Cir., 405 F.2d 110, 112–113. The subject was developed by the defense, and constitutional rights may not now be claimed because the prosecution brought out the exact words.

Affirmed.