**Joe STALLINGS, Petitioner,**

v.

**The STATE OF SOUTH CAROLINA, Mr. W. D. Leeke, Director, South Carolina Department of Corrections, Columbia, S. C., et al., Respondents.**

**Civ. A. No. 70-700.**

United States District Court, D. South Carolina, Columbia Division.

Nov. 25, 1970.

Joe Stallings, pro se.

Daniel R. McLeod, Atty. Gen. of State of South Carolina, and Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondents.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

After indictment for assault with intent to ravish [1] and for assault and battery of a high and aggravated nature,[2] the petitioner was convicted in the State

1. Section 16-72, Code of South Carolina (1962).

2. See State v. Jones (1925), 133 S.C. 167, 181, 130 S.E. 747, 751. In that case, the crime was defined thus:

   " 'Assault and battery of a high and aggravated nature' is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others."

Court of the crime of assault with intent to ravish, with a recommendation of mercy. A sentence of forty years imprisonment was imposed. Following sentence, petitioner appealed his conviction to the State Supreme Court, which sustained it.[3] He now seeks relief in this Court, through *habeas corpus*, on the very grounds on which he appealed to the State Supreme Court. Since the State Supreme Court has already adversely ruled on the grounds he raises by his petition herein, he asserts exhaustion of State remedies. Accepting, without deciding that, under the circumstances, there has been an exhaustion of State remedies,[4] I am convinced that the petition is without merit and should be dismissed. In reaching this conclusion, I have reviewed in detail the transcript in petitioner's trial in State Court.

The only grounds for relief stated by the petitioner involve alleged errors in the admission of evidence during his trial. In the course of the trial, the Court admitted in evidence the torn clothing worn by the complainant at the time of the alleged assault and battery and a picture of the complainant taken immediately thereafter, evidencing the result of the assault upon her. The torn clothing had some blood on it. Though the petitioner did not testify, the line of defense as developed through the cross-examination of the State's witnesses was

a denial of any forceful assault on the complaining party. The State offered such exhibits for the purpose of countering this claim of the defendant and of establishing that the complainant was assaulted forcibly. The Trial Court admitted the exhibits on that theory of relevancy over the objection of the defendant. The defendant appealed, arguing that, under the authority of State v. Waitus (1953), 224 S.C. 12, 27, 77 S.E.2d 256 and State v. Edwards (1940), 194 S.C. 410, 411–412, 10 S.E.2d 587, the admission of such exhibits was prejudicial. Upon the denial of his appeal, the petitioner, as heretofore stated, filed this proceeding in federal court.

■■■ "Normally, the admissibility of evidence, * . * * are (is) matter(s) of state law and procedure not involving federal constitutional issues"[5] and "may be reviewed only on appeal and not in a habeas corpus proceeding".[6] It is only when the error in the admission of evidence is found to be such as may be characterized as "impugning fundamental fairness or infringing specific constitutional protections"[7] and is "so conspicuously prejudicial as to deprive the defendant of a fair trial"[8] that a federal question is presented warranting federal intervention.[9] It cannot be said that the evidentiary rulings involved in

3. State v. Stallings (1969), 253 S.C. 451, 171 S.E.2d 588.

4. Thompson v. Peyton (4th Cir. 1968), 406 F.2d 473, 474–475; Grundler v. State of North Carolina (4th Cir. 1960), 283 F.2d 798, 800.

5. Grundler v. State of North Carolina, *supra* (283 F.2d at p. 802).

6. Harrison v. Boles (4th Cir. 1962), 307 F.2d 928, 931.

7. Grundler v. State of North Carolina, *supra* (283 F.2d, at p. 802).

8. United States ex rel. Cannon v. Maroney (3d Cir. 1967), 373 F.2d 908, 910.

9. Spencer v. Texas (1967), 385 U.S. 554, 562–564, 87 S.Ct. 648, 17 L.Ed.2d 606, reh. den. 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125; Lisenba v. California (1941), 314 U.S. 219, 227, 62 S.Ct. 280, 86 L.Ed. 166, reh. den. 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed. 1222; United States ex rel. Greer v. Pate (7th Cir. 1968), 393 F.2d 44, 47, cert. denied 393 U.S. 890, 89 S.Ct. 209, 21 L.Ed.2d 168; United States ex rel. Saunders v. Myers (3d Cir. 1960), 276 F.2d 790, 791; McCabe v. State of North Carolina (D.C.N.C.1970), 314 F. Supp. 917, 921; United States ex rel. Dessus v. Commonwealth of Pa. (D.C. Pa.1970), 316 F.Supp. 411, 417; United States ex rel. Hardy v. McMann (D.C. N.Y.1968), 292 F.Supp. 191, 192.

this proceeding assumed such constitutional dimensions.

 The admissibility of items attesting the crime, such as those admitted in the petitioner's trial, is largely committed to the discretion of the Trial Court. This seems to be the rule applied alike in federal criminal trials [10] and in South Carolina criminal trials.[11] Of course, where there is no reason for the admission of such evidence and the evidence is without probative value, the South Carolina courts have, as the cases cited by petitioner's counsel at trial attest, not hesitated to deny admissibility.[12] But, by the same token, they have sustained the admissibility where the evidence is relevant and is not offered solely to induce prejudice.[13] In line with this principle, the State Court found in petitioner's trial that the evidence objected to did have probative value and was admissible. Such a ruling, applied by the State Court in petitioner's trial, does not offend federal constitutional provisions and will not support a claim for relief in *habeas corpus* by the petitioner. Talbot v. Nelson (9th Cir. 1968), 390 F.2d 801, 803, cert. den. 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136; Wilson v. State of North Carolina (D.C. N.C.1969), 314 F.Supp. 249, 251, appeal dismissed 4 Cir., 429 F.2d 622 (July 15, 1970); Patelski v. Cady (D.C.Wis.1970), 313 F.Supp. 1268, 1270; Wheeler v. Peyton (D.C.Va.1968), 287 F.Supp. 930, 931.

Petition dismissed.

And it is so ordered.

---

10. Rivers v. United States (9th Cir. 1959), 270 F.2d 435, 437–438; United States v. Cartano (1st Cir. 1970), 420 F.2d 362, 364, cert. denied 397 U.S. 1054, 90 S.Ct. 1398, 25 L.Ed.2d 671; Harried v. United States (D.C.C.A.1967), 128 U.S.App.D.C. 330, 389 F.2d 281, 287.)

11. State v. Edwards (1940), 194 S.C. 410, 411–412, 10 S.E.2d 587; State v. Chambers (1940), 194 S.C. 197, 203, 9 S.E.2d 549; State v. Mishoe (1941), 198 S.C. 215, 220, 17 S.E.2d 142; State v. Robinson (1942), 201 S.C. 230, 235–236, 22 S.E.2d 587; State v. King (1952), 222 S.C. 108, 116–117, 71 S.E.2d 793; State v. Jones (1956), 228 S.C. 484, 494, 91 S.E.2d 1; State v. Thorne (1961), 239 S.C. 164, 167, 121 S.E.2d 623.

12. See State v. Waitus, *supra* (224 S.C. at pp. 27–28, 77 S.E.2d 256); and State v. Green (1955), 227 S.C. 1, 8, 86 S.E.2d 598.

13. See cases cited under note 11.