UNITED STATES of America ex rel.
Robert James WILLIAMS,
Petitioner,

v.

STATE OF DELAWARE, Respondent.

No. 165.

United States District Court,
D. Delaware.

April 18, 1972.

OPINION AND JUDGMENT

LATCHUM, District Judge.

Robert James Williams ("Williams"), a State prisoner, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was permitted to proceed *in forma pauperis*.

Williams was convicted by a Superior Court jury on July 13, 1970 for the unlawful possession of a narcotic drug (heroin) with intent to sell. 16 Del.C. 4725. On September 4, 1970, pursuant to his conviction, Williams was sentenced to fifteen years imprisonment in the Delaware Correctional Center.

Jurisdiction is founded upon 28 U.S.C. § 2241, and the requisite exhaustion of State remedies required by 28 U.S.C. § 2254 has been shown.

The Court has reviewed the records in this case and has found that Williams was granted a full and fair hearing in the State Courts on the identical questions which he raises in his present petition. The record evidences that his claims for habeas corpus relief do not involve disputed questions of fact but are simply questions of law. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

William contends that his federal constitutional rights have been violated for the following two reasons: (1) his conviction was obtained in violation of his due process rights because the State did not present any evidence from which the jury could reasonably infer that the defendant intended to sell the heroin found in his possession, and (2) that a fifteen year prison sentence for a long time heroin addict[1] is cruel and unusual punishment proscribed by the Eighth and Fourteenth Amendments to the United States Constitution.

These contentions will be discussed separately.

I. Lack of Evidence

██ The law concerning the review of evidence in this case is clear. A petitioner's due process rights have not been violated unless the Court finds that the record is devoid of any evidence upon which the conviction is based. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); United States ex rel. Herhal v. Anderson, Habeas Corpus No. 161 (D.Del., filed March 3, 1972). Thus, the question presented in a habeas corpus proceeding is whether the record upon which the State Court conviction is founded is so devoid of evidentiary support as to be invalid under the Due

1. Williams testified that he had been addicted to heroin off and on since 1954.

Process Clause of the Fourteenth Amendment. United States ex rel. Herhal v. Anderson, supra.

■■ After carefully reviewing the State Court record, the Court concludes that the circumstantial evidence presented against Williams was sufficient upon which to base a guilty verdict. The decision would not be any different even if the Court had doubts concerning the sufficiency of the evidence. A claim of a denial of due process based on the evidence presented is cognizable only if the record is totally devoid of evidence to support a guilty verdict. Grundler v. State of North Carolina, 283 F.2d 798, 801 (C.A. 4, 1960); United States ex rel Herhal v. Anderson, supra.

II. Cruel and Unusual Punishment

■ The Court, after thoroughly considering the law on this issue, concludes that Williams' sentence of fifteen years does not constitute cruel and unusual punishment. The Court in reaching this decision, however, does not abdicate to the Legislature its responsibility for determining what is cruel and unusual punishment. The Eighth Amendment's proscription of cruel and unusual punishment[2] "is a limitation on both legislative and judicial action." Ralph v. Warden, Maryland Penitentiary, 438 F.2d 786, 788–789 (C.A. 4, 1970), petition for cert. filed, 40 U.S.L.W. 3058 (June 1, 1971) (No. 70–228). What constitutes a fair and adequate penalty for a particular crime is, in the first instance, "a matter of legislative judgment and discretion and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual punishment." Lewis v. State of Oklahoma, 304 F.Supp. 116

(W.D.Okla.1969). In determining whether a prescribed penalty violates the Eighth Amendment the courts must consider that "[t]he Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958).

■ In applying the above test this Court concludes that Williams' fifteen year sentence for possession of heroin with intent to sell is not cruel and unusual. The pernicious and pervasive effect such drugs have upon our society is only too well known. Williams was not sentenced under a statute making the "status" of narcotic addiction a criminal offense. See Robinson v. California, 370 U.S. 660, 666–667, 82 S.Ct. 1417, 8 L. Ed.2d 758 (1962). He was sentenced under a statute proscribing possession with intent to sell. Furthermore, the Supreme Court in the *Robinson* case approvingly sanctioned such statutes by stating "[a] State might impose criminal sanctions, . . . against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders."

■ No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F. 2d 849, 854 (C.A. 3, 1969).

### JUDGMENT

Finding that there is no merit to the allegations of the present petition, it is ordered and adjudged (a) that this petition for habeas corpus be dismissed and the writ denied, and (b) that a certified copy of this Opinion and Judgment be sent by the Clerk to petitioner and respondent.

---

2. The Eighth Amendment's prohibition of cruel and unusual punishment is applied to the States by the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).