UNITED STATES of America ex rel.
Stanley A. LUKAS, Petitioner,

v.

STATE OF DELAWARE, Respondent.

No. 201.

United States District Court,
D. Delaware.

Feb. 14, 1974.

Henry A. Wise, Jr., Wilmington, Del. for petitioner.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, Del., for respondent.

## OPINION AND JUDGMENT

LATCHUM, Chief Judge.

Stanley A. Lukas ("Lukas"), a State probationer, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Lukas was convicted of a felony by a Superior Court jury for receiving stolen goods [1] valued in excess of $100, knowing the same had been stolen, in violation of 11 Del.C. § 791. At sentencing he was placed on probation for a period of two years.[2] His conviction was affirmed by the Delaware Supreme Court. The United States Supreme Court later denied his petition for certiorari. 42 USLW 3194 (Oct. 9, 1973).

Jurisdiction exists by virtue of 28 U.S.C. § 2241 and the requisite exhaustion of his state remedies has been shown.

Title 11 Del.C. § 791 provides in pertinent part as follows:

> "Whoever buys, receives or conceals any . . . goods or other things subject to larceny, to the value of $100 or more, which have been stolen . . ., knowing the same to have been stolen . . ., is guilty of a felony, and shall be imprisoned not more than 3 years."

Title 11 Del.C. § 793 requires that in all prosecutions under § 791, the value of the stolen goods shall be determined as provided by law with respect to prosecutions for larceny. Title 11 Del.C. § 633 relating to the valuation of property subject to larceny reads in relevant part: ". . . with respect to all other things being the subject of larceny, the value shall be the market or replacement value."

It is uncontested that proof of the value of the goods in excess of $100 was an essential element to the conviction of Lukas on the felony charge. Lukas contends, however, that his conviction was obtained in violation of his Due Process Rights under the Fourteenth Amendment. This is so, he says, because there was *no* evidence presented from which the jury could reasonably infer that the value of the stolen goods exceeded $100. The Court is unable to agree.

1. The goods involved were six pairs of portions of Dexter axle assemblies, including springs and brake drums, which were originally manufactured for use on mobile home trailers.

2. The Superior Court suspended a two year prison sentence. His period of probation runs from March 2, 1972 to March 1, 1974.

■■ It is not the task of this Court to weigh the sufficiency of the evidence on a habeas corpus application. Phillips v. Pitchess, 451 F.2d 913, 919 (C.A. 9, 1971), cert. den. 409 U.S. 854, 93 S.Ct. 187, 34 L.Ed.2d 97 (1972). For relief to be granted, it must clearly appear that "the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); United States ex rel. Williams v. State of Delaware, 341 F.Supp. 190, 191 (D.Del. 1972). This, of course, requires an examination of the entire State Court trial record to determine whether there was *any* evidence to support the in-excess-of $100 valuation of the stolen goods bought and received by Lukas. Turning to the record, it appears that the petitioner himself testified that he wished to buy "used" brake drum and axle assemblies (Tr. 47–50),[3] that his inquiries at a number of trailer businesses indicated that a used set of axle assemblies with brake drums and springs attached would cost about $50 a pair (Tr. 53–58), and that he in fact paid $300 for six axle assemblies which he believed to be reasonably priced. (Tr. 55, 58). From this testimony it is clear that the record was not totally devoid of evidentiary support that the stolen axle assemblies bought and received by Lukas had a market value at that time in excess of $100.

■ At the hearing, the petitioner's attorney appeared to argue that this Court must disregard petitioner's trial testimony on this issue as outlined above and should consider only the evidence presented by the State in its case, presumably on the ground that the petitioner had moved for a directed verdict of acquittal at the close of the State's case. This argument is rejected for two reasons.

■ First, the Supreme Court in Thompson v. City of Louisville, supra, in making a determination in a habeas corpus case did not limit itself to a review of the State's evidence but considered the *whole* evidence presented by both the State and defendant. Second, the rule to be applied should be one comparable to that applying to criminal appeals from federal district courts. In such appeals, a conviction will be affirmed, even though the prosecution may have failed to make a prima facie case, if the evidence for the defendant supplies the defect even after a motion of acquittal has been made. United States v. Kenny, 236 F.2d 128, 131 (C.A. 3, 1956), cert. den. 352 U.S. 894, 77 S.Ct. 133, 1 L.Ed. 2d 87 (1956); United States v. Coblentz, 453 F.2d 503, 506 (C.A. 2, 1972), cert. den. 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972); United States v. Maffei, 450 F.2d 928, 930 (C.A. 6, 1971), cert. den. 406 U.S. 938, 92 S.Ct. 1789, 32 L.Ed.2d 138 (1972). In short, the evidence is judged as a whole. United States v. Feldman, 425 F.2d 688, 692 (C.A. 3, 1970). Since this rule is applied in federal criminal appeals, it is clear that no constitutional violation results from its application in that situation. Likewise, no constitutional violation results when a federal court in a habeas corpus proceeding reviews the *entire* record from the State Court proceedings to determine whether the record is totally void of evidence supporting an essential element of a criminal charge.

No probable grounds exist for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A. 3, 1968).

---

3. Tr. refers to State Court trial transcript.